MAY-05-1999 09:51   USDC HUNTSVILLE                                                 P.018

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

**FILED**
99 MAY -4 PM 3: 20
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| CAROL ANN PRINCE, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. CV95-S-1697-NE |
| LAWRENCE COUNTY BOARD OF EDUCATION; and CINDY COLLINS, individually and in her official capacity as Superintendent of Education for Lawrence County, Alabama, | ) ) ) ) ) |
| Defendants. | ) |

**ENTERED**
MAY - 5 1999

## MEMORANDUM OPINION

This action is before the court on the following motions, among others: (1) joint motion of plaintiff and defendant Lawrence County Board of Education ("the Board") to amend prior judgments and orders; (2) an objection to, and motion to dismiss the joint motion filed by defendant Cindy Collins; and, (3) Marsha Stephenson's motion to intervene. Upon consideration of the entire court file, including the veritable explosion of pleadings triggered by the joint motion, this court offers some preliminary observations.

### BACKGROUND OF PRESENT CONTROVERSY

To begin with, it should be remembered that the jurisdiction of this court originally was invoked on the basis of federal questions: *i.e.*, plaintiff's "First Claim," alleging that

defendants had violated the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.[1]; and her "Third" and "Fourth Claim[s]," founded upon 42 U.S.C. § 1983, to the effect that defendants violated the First Amendment to the United States Constitution by discharging plaintiff in retaliation for her complaints to the Board of Education about the Superintendent's alleged improper actions,[2] and also violated the Equal Protection Clause of the Fourteenth Amendment by taking "arbitrary action"[3] — "that is, action which is wholly unrelated to any legitimate state objective."[4] Only plaintiff's "Second Claim" was based upon state law, and it alleged that defendants violated Board policy "GCH": (a) by not providing plaintiff with an evaluation of her job performance during the first three years she was employed by the Board as custodian of funds; and (b) because her immediate supervisor did not recommend her discharge. Clearly, that claim was ancillary or pendent to

---

[1] See plaintiff's complaint filed July 6, 1995 (Doc. No. 1), at 2 ("First Claim: FLSA").

[2] Id. at 4 ("Third Claim: First Amendment").

[3] Id. at 4-5 ("Fourth Claim: Arbitrary Action").

[4] Pretrial Order entered June 20, 1996 (Doc. No. 19), at 3, ¶ 5(b)(iv), reading in full text as follows:

> iv. Fourth Claim: The Superintendent acted arbitrarily by recommending the discharge of plaintiff when he had no legitimate reason to do so. The Board acted arbitrarily by discharging the plaintiff without a legitimate reason to do so. The defendants have violated the Equal Protection Clause of the Fourteenth Amendment by taking arbitrary action against the plaintiff, that is, action which is wholly unrelated to any legitimate state objective. This claim is based on the cases of Esmail v. MacRane, 53 F.3d 176 (7th Cir. 1995), and Zeigler v. Jackson, 638 F.2d 776 (5th Cir. Unit B 1981).

plaintiff's principal claims,[5] and this court therefore was entitled to consider it only because it was so related to the other, federal questions that ir formed "part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a); *see generally* Charles Alan Wright, *Law of Federal Courts* §§ 9, 19 (5th ed. 1994).

The action was docketed for jury trial in Huntsville on August 5, 1996.[6] Prior to that event, however, the parties settled all claims. The terms of settlement were ratified by this court on July 25, 1996, by entry of a consent final judgment and injunction. In relevant part, that judgment provided:

> 1. The defendant Board of Education shall reinstate Ms. Prince, effective the date of her discharge (17 May 1995), so that her period of service with the Board will be unbroken from July 1992 until she returns to work. The Board will place Ms. Prince on the salary schedule at the appropriate place for a person in her position having four years of experience with the Board. The Board shall pay Ms. Prince an initial salary based on the salary she last received from the Board plus any pay raises received by administrative employees of the Board. The Board shall return Ms. Prince to the payroll on 15 August 1996 and allow her to take professional leave on 15 and 16 August 1996. The period from 17 May 1995 until 15 August 1996 shall be considered by the Board to have been time during which the plaintiff was continuously employed by the Board.
>
> 2. The Board shall instate Ms. Prince in the newly-created position of Accounting Technical Specialist. She shall report to and be supervised by the assistant superintendent of education in charge of the business office of the Board. Her duties shall include the following:

---

[5] Plaintiff's principal claims were two: her § 1983 claim alleging that defendants had wrongfully terminated her employment in retaliation for her exercise of First Amendment rights, when speaking out on matters of public concern and alleged official misconduct by the Superintendent; and, her Fair Labor Standards Act claim.

[6] *Id.* at 5, ¶ 8.

    a.   Audit of local schools according to generally accepted auditing standards (except as to the provision regarding independence of the auditor).

    b.   Maintain a listing of all fixed assets of the Board of Education, including a control list which can be matched against fixed assets at all sites.

    c.   Maintain records for the sick leave bank.

    d.   Assist with bringing the bus and maintenance shop and the local school on-line with the Board's central office mainframe computer and provide technical assistance thereafter.

    e.   Assist the custodian of funds as deemed necessary by the assistant superintendent.

    f.   Perform any related tasks as assigned by the Superintendent or assistant superintendent.

The defendants acknowledge that the tasks assigned above are continuing assignments and impose no specific deadlines for the completion of these projects. However, plaintiff agrees to work in good faith to complete these projects in a timely manner.

3. As part of the economic settlement of this matter, while expressly disputing liability, the Board will pay Ms. Prince the sum of thirty-seven thousand dollars ($37,000.00) as back pay. The Board will make appropriate deductions from income taxes and for Social Security and Teachers' Retirement "contributions" from both employer and employee.

4. The Board will pay Ms. Prince the [sic] five thousand dollars ($5,000.00) as damages. The Board will make appropriate deductions for income taxes.

5. The Board will credit Ms. Prince with vacation, personal, and sick leave for the period from 17 May 1995 through 15 August 1996 as if she had been continuously employed during that period.

6. The Board will pay Ms. Prince's attorney's fees, expenses, and costs in the amount of thirty thousand dollars ($30,000.00). The Board may discharge this by making a payment of fees directly to plaintiff's attorney.

7. The Board shall not retaliate in any manner against Ms. Prince for bringing this suit. To that end (and without intending to limit the anti-retaliation provision in any way), the Board shall... [sic]

    a.   Provide Ms. Prince with appropriate office space,

Page 4

        supplies <u>and</u> equipment to accomplish her job.

    b.    Provide Ms. Prince with a copy of all written complaints made by any person against her and allow her an opportunity to respond.

    c.    Provide her the same type of evaluation as given to all other support personnel.

8.    Ms. Prince acknowledges that this settlement is in full release of all claims for all other overtime, back pay, and damages under the various counts of the complaint in this action and for all other claims arising against the Board of Education before 11 July 1996.

(Doc. No. 21, at 1-3.)

Sadly, that was not the end of the story. The following year, on September 19, 1997, plaintiff filed a motion requesting this court to order the newly-elected Superintendent of Education, Cindy Collins,[7] and the Board to show cause why they should not be held in contempt for violating the terms of the foregoing judgment. Plaintiff alleged in part that:

3.    Prior to becoming superintendent, Ms. Collins was the principal of a school within the Lawrence County school system. In that capacity, she was one of the most vociferous complainers about the way the plaintiff did her job. Ms. Collins's complaints about plaintiff were relied upon by the defendants in the 1995-96 law suit as justification for discharging the plaintiff.

4.    The Final Judgment and Injunction, paragraph 2, provides that the plaintiff shall report to the assistant superintendent of education in charge of the business office. Supt. Collins has informed the plaintiff that she is to report to the superintendent. Supt. Collins has justified this change on the grounds that there is no assistant superintendent in charge of the business office. Plaintiff avers that, while the superintendent has proposed a reorganization to remove the assistant superintendent, the Board of Education has not

---

[7] When this action was instituted, Patrick E. Graham was Superintendent of Education for Lawrence County, Alabama, and he was named as a defendant individually and in his official capacity as such superintendent. He was replaced by the present defendant on or about July 1, 1997.

Page 5

       approved the reorganization. Thus the plaintiff is required by the Final Judgment and Injunction and board policy to report to Asst. Supt. Jeffreys, but is required by Supt. Collins to report to her.

5. The Final Judgment and Injunction provides in part as follows:

   7. The Board shall not retaliate in any manner against Ms. Prince for bringing this suit. To that end (and without intending to limit the anti-retaliation provision in any way), the Board shall

      a. Provide Ms. Prince with appropriate office space, supplies and equipment to accomplish her job.

6. Supt. Collins has moved the office of the plaintiff from the central office building of the Board to the "Media Center," a building composed of several portable buildings or trailers located 1/4 mile from the main office building.

7. At the Media Center, the plaintiff is away from the persons, the paper records, and the main frame computer (containing computerized records) to which she needs access to carry out her assigned job duties. During the first month that she was assigned to the Media Center, the plaintiff had no access to the central computer or any of the documents she needed to perform her assigned duties. Since that time, the defendants have provided the plaintiff with a modem and telephone line to access the main computer, but plaintiff must still contend with slow telephone connections to the main computer, interruptions in computer connections, the limited number of telephone lines connected to the main computer, and the lack of a printer necessary to print any reports she runs on the main computer. Each of the 14 schools in the Lawrence County system has telephone-modem access to the computer system. Even before those schools reopened and began competing for the limited number of telephone lines leading to the main computer, the plaintiff's work was subject to sudden and unexplained disconnects and to cancellation or interruption of her print commands. If plaintiff does desire to print a report, she must travel to the main office building to retrieve it, and must sometimes make a second trip if her print command had been canceled by a person in the business office.

8. Because of the lack of regular secretarial assistance at the Media Center and the job duties of the other persons who are located in that trailer complex, the plaintiff is frequently the only person in the Media Center and must answer the phones and respond to in-person inquiries from those seeking to see the media specialists whose offices are located in the trailer complex.

9. Because of the layout of the Media Center, the plaintiff is

>     forced to exit the trailer complex and go to another entrance at the other end of the trailer complex to go to the rest room if there is a meeting being held in the central trailer.
>
> 10. Moving the plaintiff to the Media Center constitutes retaliation in defiance of the Final Judgment and Injunction in that the "office space, supplies, and equipment" provided to her is not appropriate to her job and, in fact, interferes with the performance of her duties. There are, and have been since 1 July, appropriate offices in the central office building of the Board to accommodate the plaintiff.
>
> 11. The plaintiff and her attorney have complained about the reassignment of plaintiff's office and supervisor and have negotiated with the Superintendent and the Board's attorney for 10 weeks, but have been unable to obtain relief from the Superintendent. On 18 September 1997, the plaintiff's attorney made a presentation to the members of the Board of Education about these problems. The Board refused to take any action.

(Doc. No. 22, at 1-3.)

Upon consideration of plaintiff's motion, this court ordered defendants to respond in writing on or before October 14, 1997, and, to appear at a hearing on October 20, 1997. (*See* Doc. No. 23: Order entered September 29, 1997.)

Following the hearing, this court, having no desire to humiliate a school official through imposition of sanctions — even though it was obvious from the evidence presented that the newly-elected Superintendent had intentionally ignored this court's final judgment and injunction — inquired whether the parties could reach an amicable settlement of the controversy. Led by able counsel, the Superintendent ultimately was persuaded to agree to the following terms, which were ratified by this court's entry of a consent judgment and injunction on November 17, 1997:

Page 7

1. Carol Prince will report to Dr. Allen Jeffreys until such time as the Board adopts a new organizational chart or resolution that places another person in the position of "assistant superintendent of education in charge of the business office."

2. The parties agree that Carol Prince should maintain her office at the main office building of the Board. Plaintiff moved her office back to the central office building on October 31, 1997, and now occupies the office formerly occupied by Doug Anderton. This office has a working connection to the AS/400 computer.

3. The Defendants will not charge Carol Prince with any leave time from October 20, 1997, but it will be considered a work day.

4. In preparing any evaluation assessment of the work of the Plaintiff, the Defendants shall not consider any supposed or alleged deficiencies of the quantity or quality of her performance during the period July 1, 1997 until two weeks after paragraph 2 above has been accomplished by the Defendants.

5. Ms. Prince shall have access to information needed to perform her job. "Information needed to perform her job" means both data within the school system's control, and information from the State Department of Education to the extent that the local school system has control over who may have access to that information.

6. The Superintendent and Board shall continue the practice of allowing Ms. Prince to take professional leave and to fund Ms. Prince's professional development courses and travel as has been the practice during her employment with the Lawrence County Board of Education. In this regard, the Board has paid reasonable costs and travel expenses for professional development courses to enable Ms. Prince to stay abreast of matters affecting her job responsibilities.

7. This Judgment and Injunction is supplementary to, and does not replace, the terms of the Final Judgment and Injunction.

(Doc. No. 28, at 1-3.)

That amended judgment held until March 3, 1999, when plaintiff and the Board filed the present joint motion. In pertinent part, that motion reads as follows:

> 2. The *Lawrence County Board of Education* now desires to promote and transfer the plaintiff to the position of acting

Page 8

Custodian of School Funds of the *Lawrence County Board of Education*, as well as, possibly permanent Custodian of School Funds after the Superintendent post [sic] the vacancy as required by Alabama Law. In the new position, the plaintiff will report directly to the *Lawrence County Board of Education*. The defendant *Lawrence County Board of Education* will place the plaintiff at the appropriate salary schedule level for the Custodian of School Funds, allowing full credit for all prior service in education. The plaintiff's initial salary will be no less than $59,932.00, plus customary and usual benefits including pay raises. In addition, the *Lawrence County Board of Education* will pay for and furnish a bond to plaintiff in new position. By agreement of the plaintiff and the defendant *Lawrence County Board of Education*, her future compensation may be raised but will not be lowered.

The plaintiff's new job position/location will be at the office of the person who served as Custodian of School Funds prior to acceptance of the position by the plaintiff, or at a location in the Central Office agreed to by the plaintiff and the *Lawrence County Board of Education*. In the new position, the plaintiff will be given working connections to all computer records which she may need to perform her new job. The plaintiff's job duties, in the new position, shall be in conformity with applicable sections of the *Code of Alabama*, and may also include other related duties as may be agreed to by the plaintiff and the *Lawrence County Board of Education*.

Should the *Lawrence County Board of Education*, at some future date, ever remove the plaintiff from the position of Custodian of School Funds, after having provided her with all hearings and other required process, she will be entitled to immediate reinstatement to the position of Accounting Technical Specialist. Should such events occur, the *Lawrence County Board of Education* agrees that the prior judgments and Court orders referenced herein shall continue to govern the plaintiff in the position of Accounting Technical Specialist; provided, in no event shall the plaintiff's future salary in any position be lower than the amount specified above for the new position.

The plaintiff desires to accept such new job position provided she loses no protections afforded to her under the aforesaid judgments and orders. The *Lawrence County Board of Education* agrees with the plaintiff and also requests that she continue to receive all benefits and protections provided by the prior judgments and orders.

3. However, based on information and belief, the Superintendent, Cindy Collins, objects to the promotion and new position being given to the plaintiff by the *Lawrence County Board of Education*. The Superintendent has forwarded correspondence (copy attached as Exhibit "A") regarding this matter to the *Lawrence County Board of Education* and the plaintiff. It appears that the Superintendent desires to attempt the blockage of the promotion

based in part upon an interpretation that this Court's prior orders do not allow the plaintiff the option of accepting the promotion. The said correspondence indicates that she will "personally petition" this court regarding the plaintiff. The plaintiff and the *Lawrence County Board of Education* seek relief from this Court in order to allow the plaintiff to accept from the *Lawrence County Board of Education*, while extending the protections of the prior Court orders. Attached Exhibit "B" is a copy of correspondence which the plaintiff has written to the Board regarding the new position.

4. The plaintiff and the *Lawrence County Board of Education* jointly ask the Court to enter the attached "Amended Final Judgment and Injunction," the intent being to extend each and every right, benefit and protection afforded to plaintiff under the prior judgments and order to her in a new position as acting Custodian of School Funds of the *Lawrence County Board of Education* or in any position she may in the future voluntarily accept from the *Lawrence County Board of Education*. The terms of the attached proposed Order further reflect the intent of the plaintiff and the *Lawrence County Board of Education* regarding the new position and the continuation of the protections afforded the plaintiff under the prior orders, as well as any future position. Entry of the Order will lessen the probability that the parties are required to return to court in the future should the Board and the plaintiff mutually agree on any additional job assignment.

(Doc. No. 30, at 2-4 (emphasis in original).) The proposed "Amended Final Judgment and Injunction" referred to in paragraph 4 of the joint motion reads as follows:

### AMENDED FINAL JUDGMENT AND INJUNCTION

The Court has before it a joint motion of the plaintiff, *Carol Ann Prince* and the defendant, *Lawrence County Board of Education* to amend the prior judgments and orders heretofore entered by this Court on July 24, 1996, and November 17, 1997, or enter an order granting such other relief as may be appropriate. Having considered the same, it is **ORDERED, ADJUDGED,** and **DECREED** as follows:

1. None of the prior orders of this Court are to be interpreted to prevent the plaintiff, *Carol Ann Prince*, from voluntarily accepting any position of employment with the *Lawrence County Board of Education* on any terms to which she agrees. Without limitation, the prior orders shall not prevent the plaintiff from voluntarily accepting any promotion, salary increase, change in supervisor, or other job change to which the plaintiff agrees.

2. Each and every benefit, right and protection afforded to the plaintiff under the prior judgments and orders is hereby

Page 10

extended to her in her new position as acting Custodian of School Funds, as well as, in any position which she may occupy in the future as an employee of the defendants. In no event shall plaintiff be required to accept any position whose benefits, rights, and protection are less than those heretofore extended to her by this Court. The terms of the plaintiff's new position, as described in the joint motion (including items such as compensation and the furnishing of bond), are accepted and approved by this Court; any future modification to the terms may only be accomplished with the consent of the plaintiff.

3. This amended final judgment and injunction is supplementary to, and does not replace the judgments and orders heretofore entered by the Court, in particular, the July 24, 1996, final judgment and injunction, as well as, the November 17, 1997 judgment and injunction on order to show cause.

4. The plaintiff is not to be charged with any leave time for time associated with appearing before this Court to conclude this matter. Should the plaintiff incur any legal fees and expenses associated with this matter, the *Lawrence County Board of Education* is ordered to pay the same.

(Attachment to Doc. No. 30 (emphasis in original).)

The Superintendent vehemently objected to the joint motion, and moved to dismiss it.[8] (Doc. No. 33.) Essentially she argued that this court does not have jurisdiction over daily employment practices unless such practices present a federal question. She argues that the present dispute lies exclusively in the province of the administrative and judicial remedies set out by state statutes. She further argues that the "joint motion" seeks to have this court serve as a "Super-Board." The Superintendent contends that the Board's action of January 5, 1999,[9] taken without her

---

[8] Clayton Ricky Terry, a member of the Lawrence County Board of Education, also filed an objection to the joint motion. (Doc. No. 35.) His objections essentially are the same as those presented by the Superintendent and, therefore, do not merit separate discussion.

[9] During the regular meeting of the Board held on January 5, 1999, Board member John Stone, when moving to suspend the rules and add an item to the agenda, said:

recommendation, was unlawful. The Superintendent argues the Board now seeks to place plaintiff in a non-vacant position without receiving her recommendation as required by Alabama Code § 16-8-23, and without properly posting a position vacancy notice. The Superintendent points out that removal of the current Custodian of School Funds violates the Alabama Fair Dismissal Act: Alabama Code §§ 36-26-100 through -106. The Superintendent subsequently filed suit in the Circuit Court for Lawrence County, Alabama, seeking a preliminary and permanent injunction concerning the same issues presented in the present dispute.

Marsha Stephenson, the incumbent Custodian of School Funds, filed a motion to intervene on March 12, 1999. (Doc. No. 36.) She seeks to intervene both as of right based on Rule 24(a)(2) of the *Federal Rules of Civil Procedure*, and permissively under Rule 24(b)(2). Stephenson argues that she has both a property and economic interest in her position, as well as due process rights

---

> I would like to make a motion to transfer Mrs. Carol Prince to the position of Custodian of Funds to become effective February 1, 1999. I would also like to suggest that Mrs. Collins present to the Board a job description for Mrs. Marsha Stephenson that would comply with her rights under the continuing service status of which she is entitled. Note: Mrs. Carol Prince' change of position will also carry with it her rights and privileges which are outlined in her federal court injunctions. Also, it should be noted that the Custodian of Funds shall be accountable to the local Board of Education.

The Board voted 4-1 (Clayton Ricky Terry opposed), both to suspend the rules, adding Mr. Stone's motion to the agenda, and entertain the motion for action. Doc. No. 33; Exhibit A.

Page 12

which were ignored by the Board when it removed her as Custodian of School Funds. She also seeks to assert rights under the Alabama Fair Dismissal Act: Alabama Code §§ 36-26-103 through 106. Stephenson contends the relief requested in the joint motion effectively would place plaintiff in the position as acting Custodian of School Funds. She further contends that granting the motion would eliminate her opportunity to challenge the Board's action and seek relief in her own, pending state court action.[10] Stephenson also argues her interests are not adequately represented by the present parties, because the plaintiff and Board advocate placing plaintiff in her position, and the Superintendent seeks only to protect her statutory authority to recommend personnel decisions to the Board. Stephenson bases her permissive intervention argument on the fact that both she and the plaintiff claim a property interest in the same position. Therefore, she contends, common issues of law and fact exist.

Plaintiff and the Board filed objections to Marsha Stephenson's motion to intervene. (Doc. No. 37.) The parties argue Marsha Stephenson should not be allowed to intervene as of right, since intervention is not intended to allow the creation of whole new lawsuits by intervenors. They argue that Stephenson

---

[10] Stephenson also has initiated an action in the Circuit Court of Lawrence County, Alabama: CV-99-0023. She asserts wrongful removal without being accorded due process rights, and bases her state court claims on both the Alabama Fair Dismissal Act and 42 U.S.C. § 1983.

Page 13

seeks to protect an interest which has neither been alleged nor considered by this court. The parties also point out that the issues presented in the motion to intervene are already being litigated and determined in state court.

Plaintiff and the Board also responded to all objections filed against their joint motion. (Doc. No. 38.) The parties contend the Alabama legislature has specifically addressed appointment and removal of the Custodian of School Funds. The parties initially cite Alabama Code § 16-8-33 in support of their position, which provides in pertinent part that:

> The county board of education shall appoint a custodian of the public school funds of the county, which custodian may be the county treasurer, the secretary of the county superintendent of education or some other qualified person. ...

The parties then refer to Alabama Code § 16-13-12, providing that:

> The custodian of school funds of each local board of education may be removed by the local board of education when, in the opinion of the said local board, the best interests of the public schools may require.

Plaintiff and the Board also assert that the Alabama Code sections relied on by the Superintendent do not apply to the plaintiff. The parties finally contend this court retains jurisdiction to clarify, interpret, and enforce its judgments and orders. They contend that their joint motion sought only to clarify this court's prior orders.

Page 14

## DISCUSSION

To the limited extent that the joint motion seeks only a clarification of this court's prior judgments, it is due to be granted. Certainly, this court did not intend to prohibit the plaintiff from voluntarily accepting any other job position, duties, responsibilities, promotions, increases in pay or salary, changes in supervision, or any other job changes or modifications, within or without the Lawrence County school system, to which she agreed or consented.

In all other respects, however, the joint motion is due to be denied. It quite clearly appears that the joint motion essentially asks this court to grant the Board permission, under the auspices of judgments entered for the purpose of resolving federal claims — and, thereby, to implicitly or incidentally render an advisory opinion on the authority of the Board under state statutes — to employ plaintiff in the position of custodian of school funds without the recommendation of, indeed, over the vociferous objection of, the county Superintendent of Education. That, this court shall not do. This court does not possess jurisdiction to decide that issue, nor does anything in the prior judgments of this court impact that decision, or empower this court to sit, as the Superintendent suggests, in the capacity of a "Super Board of Education," monitoring daily employment actions based upon a

comprehensive body of state statutes and interpretative judicial decisions. The parties are directed to address their present dispute(s) to a forum closer to home, and inside the house of controlling state law; i.e., the Circuit Court for the 36th Judicial Circuit of Alabama, Judge Philip Reich presiding.

## CONCLUSION

Accordingly, the joint motion of plaintiff and defendant Lawrence County Board of Education to amend prior judgments and orders is **granted** in part, and **denied** in part. All other motions are **denied**. An appropriate order consistent with this memorandum of opinion shall be entered contemporaneously herewith.

DONE this 4th day of May, 1999.

United States District Judge

SCANNED
MAY 5 1999
BY